1  Kolin C. Tang (SBN 279834)
2  **SHEPHERD, FINKELMAN, MILLER**
   **& SHAH, LLP**
3  11755 Wilshire Blvd.
4  15th Floor
   Los Angeles, CA 90025
5  Phone: 323-510-4060
   Fax: 866-300-7367
6  ktang@sfmslaw.com

7
8  *Counsel for Plaintiffs, on behalf of themselves*
   *and all others similarly situated*

9  [Additional Counsel on Signature Page]

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12  STEVE ODDO, RAJENE REARDON,      )   CASE NO. 8:15-cv-01985 CAS (Ex)
13  ANTHONY LASALA, LINDA LAMM,      )
    KEITH KIMBALL, NORMAN KLINGE     )   [~~PROPOSED~~] **STIPULATED**
14  and DAN GALLAGHER, on behalf of  )   **PROTECTIVE ORDER**
    themselves and all others similarly )
15  situated,                        )
16                                   )
17         Plaintiffs,               )
                                     )
18  v.                               )
19                                   )
    ARCOAIRE AIR CONDITIONING AND    )
20  HEATING, CARRIER CORPORATION,    )
    BRYANT HEATING AND COOLING       )
21  SYSTEMS, COMFORTMAKER AIR        )
    CONDITIONING & HEATING,          )
22                                   )
    INTERNATIONAL COMFORT            )
23  PRODUCTS LLC, and UNITED         )
    TECHNOLOGIES CORPORATION,        )
24                                   )
25                                   )
         Defendants.                 )
26  ─────────────────────────────────)
27
28

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this Action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential and highly-confidential information (as defined below).

Good cause exists to support the entry of this Order because the information sought in discovery includes information that at least one party considers confidential and proprietary, including trade secret and confidential research, development, or commercial information, or other information that a party deems confidential and protectable under Rule 26. Certain of the parties are engaged in highly competitive enterprises in which the disclosure of confidential information might provide a competitive business advantage to the party's competitors. Such documents might include sales data which is competitively sensitive, product engineering documents which constitute trade secrets, private personal information, or other information that is subject to protection under Rule 26. Divulging such information without any protection from disclosure to the general public, or to the parties for purposes other than this Action, could be detrimental to the ongoing businesses of the parties, particularly those parties who are conducting business in a highly competitive environment. For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

**ORDERED:**

1. <u>Definitions</u>.

   (a)   "<u>Party</u>" or "<u>Parties</u>" shall mean all named Plaintiffs in this litigation and Defendants Arcoaire Air Conditioning and Heating, Carrier Corporation, Bryant Heating and Cooling Systems, Comfortmaker Air Conditioning & Heating, International Comfort Products LLC, and United Technologies Corporation (hereinafter, collectively "Defendants" or "Carrier"), including the officers, directors, and principals acting on

1

behalf of corporate Parties, and shall include any named plaintiffs or defendants subsequently added.

(b)     "Third Party" shall mean all non-Parties from whom the Parties seek Discovery Material, as defined below.

(c)     "Discovery Material" shall mean all documents, things, and information that are produced or generated in disclosures or responses to discovery requests in this litigation. Discovery Material includes any material produced, filed, or served by any Party or other person during discovery in this litigation and any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or other person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(d)     "Confidential" Discovery Material shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this litigation that the Designating Party believes in good faith contains confidential research, development, or commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or personal information not generally disclosed to the public by such Designating Party.

(e)     "Highly Confidential – Attorneys' Eyes Only" is an additional category of Confidential Discovery Material that is intended to govern any documents or materials that contain or reflect highly sensitive, competitive business information such as trade secrets, proprietary design specifications, proprietary product specifications, current business or strategic plans, proprietary cost and pricing information, or other information of direct competitive significance for which the Designating Party, as defined below, has a heightened need for protection from disclosure.  Designating Parties are to designate documents, materials or information under this more restricted level of confidentiality on a limited basis and only where the Designating Party in good faith believes that disclosure in this litigation without such designation would result in

2

demonstrable competitive harm to the Designating Party.  Except for the more restrictive disclosure rules as provided below, the procedures that apply to Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" shall be the same as Confidential Discovery Material designated as "Confidential."

(f)   "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in this Action.

(g)   "Producing Party" shall mean a Party or Third Party that produces Discovery Material in this Action.

(h)   "Designating Party" shall mean a Party or other person that designates Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.   Designating Documentary Discovery Material. Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Any such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are prepared in such a manner that they are prominently marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of the document. If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Confidential Discovery Material shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only." To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, the Party shall electronically file a redacted copy omitting the Confidential information and shall also serve an unredacted copy of the document on counsel of record. Local Rule 79-5 shall govern the filing of documents under seal in this Action.

3.   The designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" constitutes a representation by the Designating Party and such Party's counsel that such document, material or information has been reviewed and that the Designating Party and its counsel have a good faith basis for the designation.

4.    <u>Designation Confidential Discovery Material in Depositions</u>. Parties and deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in Paragraph 1 above). Such arguably Confidential information within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the deposition transcription that the Party or deponent designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to counsel for the party taking the deposition and the court reporter. Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as Confidential under this Protective Order. If a designation is made, the Confidential portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 2 above. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to the portions of the deposition transcript designated as Confidential shall be afforded the same status.

5.    <u>Use and Disclosure of Confidential Discovery Material</u>.

(a)    Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential may be used only in connection with the prosecution or defense of claims in, or the settlement of, this litigation.

(b)    <u>Limitation on Disclosure of Discovery Material Designated "Confidential"</u>: Confidential Discovery Material may be disclosed only:

(1)    to Parties in this litigation, including any employees, agents, and representatives of the Parties;

(2)    to counsel for the parties, including their employees, agents, and consultants;

(3)    to this Court, or any other Court exercising jurisdiction with respect to this litigation, any appellate court(s), court personnel, jurors, alternate jurors,

and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any hearing, trial, or appeal in this litigation;

(4)   to court reporters, recorders, and videographers engaged for depositions;

(5)   to any person designated by the Court upon such terms as the Court may deem proper;

(6)   to any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposed of mediation, arbitration or other dispute resolution regarding issues arising in this litigation;

(7)   to outside consultants, investigators, or experts utilized for the purpose of assisting counsel or testifying in this litigation, but only after such persons have completed the certification contained in Attachment A;

(8)   to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Protective Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

(9)   to (a) the person or entity that produced or originally created the Discovery Material; (b) any author, addressee, or recipient of the material; or (c) any person or entity expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

(10)   to any fact witness during or in preparation for testimony at a deposition, hearing, or trial, as well as any potential fact witness to the extent that such confidential documents or information may assist the witness in recalling, relating, or

explaining facts, and his or her counsel, but only after such persons have completed the certification contained in Attachment A;

(11)   Mock jurors, focus group members, jury consultants, or other consultants engaged in connection with conducting mock trials, focus groups or other trial or jury analysis, provided that persons to whom Confidential Information is disclosed have first executed Exhibit A and are not permitted to retain copies of Confidential Information;

(12)   to any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

(c)   <u>Limitation on Disclosure of Discovery Material Designated "Highly Confidential – Attorneys' Eyes Only"</u>:   Except with the prior written consent of the Designated Party or prior order of the court, documents designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons:

(1)   Outside counsel for the Parties and employees and agents and consultants of outside counsel (such as photocopy, electronic discovery or videography services);

(2)   The court and court personnel, including any special master appointed by the court, and members of the jury;

(3)   Court reporters, recorders, and videographers engaged for depositions;

(4)   any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposed of mediation, arbitration or other dispute resolution regarding issues arising in this litigation;

(5)   Any outside expert witness, outside consultant, or outside investigator retained specifically in connection with this litigation, provided that such persons to whom Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" is disclosed have first executed Exhibit A;

i. For any such outside expert witness, outside consultant, or outside investigator retained by a Receiving Party who presently are employees of Defendants' competitors or who reasonably are expected to become employees of Defendants' competitors in the near future, the Receiving Party shall:

    1. Transmit a copy of Exhibit A to the Designating Party within 5 days, and to any applicable non-party within 5 days; and

    2. Agrees not to provide Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" to any such outside expert witness, outside consultant, or outside investigator until 7 days have passed since the transmission of Exhibit A;

ii. Documents produced by any Third Party will not be subject to Section 5(c)(5)(i), absent an independent agreement.

    (6)    to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of such Confidential Discovery Material except as provided in this Protective Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of such Confidential Discovery Material by such contractors;

    (7)    Any fact witnesses for purposes of litigating this Action who are mutually agreed upon in writing by the Designating Party and the Receiving Party

prior to disclosure. Such agreement may be contingent on mutually agreeable redactions, if appropriate. If the Designating Party and the Receiving Party do not reach such an agreement regarding the use of Discovery Material designated "Highly Confidential – Attorneys' Eyes Only," the Receiving Party may move the Court seeking permission to use that information in conjunction with the witness or deponent in question, but will not use that information unless the Court grants permission. Permissible uses include during preparation for testimony at a deposition, hearing, or trial as well as to the extent that such Confidential Discovery Material may assist the fact witness in recalling, relating, or explaining facts;

(8)     Any deponent or witness employed or designated to testify by the Designating Party, as well as the author and any recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Mock jurors, focus group members, jury consultants, or other consultants engaged in connection with conducting mock trials, focus groups or other trial or jury analysis, provided that persons to whom Confidential Discovery Material is disclosed have first executed Exhibit A and are not permitted to retain copies of Confidential Discovery Material;

(10)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(11)     Other persons only upon consent of the Designating Party and on such conditions as the Parties may agree or as Ordered by the Court.

6.     Challenging Designations of Confidential Discovery Material.

(a)     Challenge to Confidential designation: Any Party (the "Challenging Party") may challenge a Designating Party's designation of Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only. The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential Discovery Material whose designation it challenges and setting forth in general terms the basis for

8

the challenge. Within fourteen (14) days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make good faith effort to resolve any dispute concerning the designation by agreement or stipulation. Failing such agreement or stipulation, within seven (7) days after the meet and confer, the Designating Party shall make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to maintain the Confidential designation. The Designating Party's motion or application regarding the challenged material shall identify with specificity the Confidential Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by Paragraph 2 of this Protective Order. If such a motion or application is made, all Discovery Material so designated shall maintain Confidential status pending a determination by the court as to its appropriate status. If the Designating Party fails to make a timely motion or application for continuing Confidential treatment, the subject Discovery Materials shall be deemed non-confidential.

(b)     The Designating Party retains the burden of establishing its designation of Confidential Discovery Material. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material at issue.

7.     Inadvertent Failure to Designate.

(a)     Except as provided in this paragraph, following a Party or Third Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a Party or Third Party's right to later designate such Discovery Material as Confidential, provided that, at the time of making the later designation, the Designating Party provides to the Receiving Party a replacement copy of the Discovery Material which replacement copy is properly marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with Paragraph 2 of this Protective

Order. No Party or Third Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the relevant documents or materials shall be treated as Confidential in accordance with this Protective Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Party or Third Party that failed to make the designation shall move for appropriate relief. If an inadvertently omitted "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is first claimed on the record during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout the deposition, hearing, or proceeding and should be treated as though a confidential designation had been made at the time of disclosure.

8.   <u>Privileged and Work-Product Material</u>.

(a)   If, in connection with the pending litigation, information subject to a claim of attorney-client privilege or attorney work product protection is disclosed ("Disclosed Protected Information"), the inadvertent disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

(b)   A Party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within five (5) business days of receipt of that writing, sequester, protect against being further disclosed, and then return or destroy all copies of the Disclosed Protected Information and provide to the Party claiming privilege a certification of counsel that all such Disclosed Protected Information has been sequestered and returned or destroyed.

(c)   Within ten (10) business days of having received the certification that such Disclosed Protected Information has been sequestered, protected against being further disclosed, and then returned or destroyed, the Party claiming privilege shall

produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Rule 26(b)(5)(A)(ii) of the federal Rules of Civil Procedure.

(d)   The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

(e)   The Party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information. Documents that are produced that contain privileged information or attorney work product shall be immediately returned if the documents appear privileged on their face. All copies shall be returned or destroyed by the Receiving Party.

9.   <u>Confidential Documents and Materials at Hearing or Trial</u>. Disputes arising as to the use of Confidential Discovery Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials. In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this litigation, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment at trial of material previously designated Confidential. To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

10.   <u>Further Requests for Production</u>. If, at any time, any Confidential Discovery Material in the possession, custody, or control of any person or Party other than the Designating Party that designated such Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body, or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party and, before producing the

11

Confidential Discovery Material pursuant to the subpoena or request, shall give the original Designating Party a reasonable time within which to seek a judicial order precluding such production. This Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request within the time required by law as specified in the subpoena or request.

11.   <u>Miscellaneous</u>.

(a)   By this Protective Order, no Party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded Confidential treatment. The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules. For purposes of computing any period of time under this Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local Rules of the Court shall apply. This Protective Order may be executed in counterparts.

(b)   This Protective Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any document. The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

12.   <u>Termination</u>. The provision of this Protective Order shall continue to be binding after final termination of this litigation. Within one hundred and twenty (120) days after final conclusion of all aspects of this litigation, including any appeals, any Party or other person who received (or tendered to any other person) documents or materials designated for Confidential treatment (or any copy thereof) must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential information. Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection

with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.

13.   <u>Modification Permitted</u>. Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order in the interest of justice. The Court retains the right to allow disclosure of any Confidential Discovery Material covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

14.   <u>Additional Parties</u>. The terms of this Protective Order shall be binding upon all current and future Parties to this litigation and their counsel.  Following entry of this Protective Order:

(a)   Within ten (10) days of (1) the entry of an appearance by a new Plaintiff or absent class member that elects to appear or to intervene in this litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the Amended Complaint; Plaintiffs' Counsel shall serve a copy of this Protective Order on counsel for any such new Plaintiff or absent class member;

(b)   Within ten (10) days of (1) the entry of an appearance by a new Defendant or third-party Defendant in this Litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the Amended Complaint; Defendants' Counsel shall serve a copy of this Protective Order on counsel for any new Defendant or third-party Defendant.

15.   A party may challenge, pursuant to Paragraph 6 of this Protective Order any designation of documents that (a) were, or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the Receiving Party.

16.   <u>Application to Non-Parties and Absent Class Members</u>.

(a)   <u>Protection for Confidential Discovery Material Produced By Non Parties And Absent Class Members</u>: Any non-party or absent class member producing Discovery Material or giving deposition testimony in this litigation may avail herself, himself or itself of the Confidential treatment provided for in this Protective Order for

13

her, his or its testimony and Discovery Material by following the procedures provided herein. All counsel in this litigation shall have the obligation to inform any Third Parties who expresses concern or makes inquiry that pertains to issues addressed by this Protective Order of this Protective Order and, if requested, to provide a copy of this Order to such person. This Protective Order shall be binding upon such Third Parties or absent class members unless they object, in writing, to counsel for a Party or to the Court, to its terms within ten (10) days of service upon them of this Protective Order.

(b)   Disclosure of Confidential Discovery Material to Absent Class Members: Confidential Discovery Material may not be disclosed to absent class members who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Paragraph 5 of this Protective Order. If, however, Confidential Discovery Material is contained in a filing with the Court pursuant to Paragraph 2 of this Protective Order, such filing may be disclosed to counsel for the absent class member (or the absent class member if not represented), provided that such counsel, if any, and the absent class member execute Exhibit A.

IT IS SO STIPULATED.

Dated: June 1, 2017

s/   *Daniel A. Bress*
**KIRKLAND & ELLIS LLP**
Daniel A. Bress
(State Bar No. 257305)
daniel.bress@kirkland.com
Devin S. Anderson
(*pro hac vice*)
devin.anderson@kirkland.com
655 Fifteenth Street NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5100

s/   *Timothy N. Mathews*
**CHIMICLES & TIKELLIS LLP**
Timothy N. Mathews
(admitted *pro hac vice*)
tnm@chimicles.com
Christina Donato Saler
(admitted *pro hac vice*)
cds@chimicles.com
One Haverford Center
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (601) 642-8500
Facsimile: (610) 649-3633

14

1  C. Robert Boldt
2  (State Bar No. 18013)
   robert.boldt@kirkland.com
3  Jonathan Jeffrey Faria
4  (State Bar No. 274019)
   jonathan.faria@kirkland.com
5  333 South Hope Street
6  Los Angeles, CA 90071
   Telephone: (213) 680-8400
7  Facsimile: (213) 680-8500

8
   *Attorneys for Defendants*
9

10

11

12

13

14

15

16

17      **IT IS SO ORDERED**

18

19  Dated: _6/1/17_

20

21

22

23

24

25

26

27

28

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
James C. Shah
(State Bar No. 260435)
jshah@sfmslaw.com
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

Kolin C. Tang
(State Bar No. 279834)
ktang@sfmslw.com
11755 Wilshire Boulevard
Fifteenth Floor
Los Angeles, CA 90025
Telephone: (323) 510-4060
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs*

Honorable Charles F. Eick
United States Magistrate Judge

## **EXHIBIT A**

I hereby certify that: (1) I have read the Protective Order that has been entered by the Court in this litigation, and I understand its terms; (2) I understand that certain Discovery Material (as defined in the Protective Order) has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order; (3) I agree to be fully bound by the provisions of the Protective Order, including its provision restricting disclosure of material designated as Confidential under the Protective Order and limiting the use of such material to the conduct of this litigation; (4) I hereby submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Protective Order.

Dated: _____         Signature: _____

                              Printed Name: _____